United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Robb L Simpson  
Maggie Simpson  
    Debtors

Case No. 14-19394-amc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: ChrissyW    Page 1 of 2    Date Rcvd: Jun 01, 2020
                          Form ID: 3180W    Total Noticed: 13

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 03, 2020.
```
db/jdb         +Robb L Simpson,    Maggie Simpson,    5 Concord Creek Rd,    Glen Mills, PA 19342-1269
13518351       +Atlantic Credit & Finance Special Finance,    Unit, LLC Successor in interest to,
                 CITIBANK N.A.,c/o Weltman,,    Weinberg & Reis, 325 Chestnut Street,,
                 Ste  501, Philadelphia, PA 19106-2614
13443562       +Franklin Mint Federal Credit Union,    c/o JEFFREY KURTZMAN,    c/o CORINNE SAMLER BRENNAN,
                 1835 Market Street, Suite 1400,    Philadelphia, PA 19103-2945
13518176       +LoanDepot, LLC.,    Cenlar FSB,    425 Phillips Blvd,    Ewing, NJ 08618-1430
13452847       +TD BANK USA, N.A.,    C O WEINSTEIN, PINSON, AND RILEY, PS,    2001 WESTERN AVENUE, STE 400,
                 SEATTLE, WA 98121-3132
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: megan.harper@phila.gov Jun 02 2020 04:21:27      City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jun 02 2020 04:21:04      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13513928        EDI: BECKLEE.COM Jun 02 2020 07:58:00      AMERICAN EXPRESS BANK, FSB,    C/O BECKET AND LEE LLP,
                 POB 3001,    MALVERN, PA 19355-0701
13440331        EDI: DISCOVER.COM Jun 02 2020 07:58:00      Discover Bank,    DB Servicing Corporation,
                 PO Box 3025,    New Albany, OH  43054-3025
13494952        EDI: PRA.COM Jun 02 2020 07:58:00      Portfolio Recovery Associates, LLC,    POB 41067,
                 Norfolk VA 23541
13446214        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jun 02 2020 04:20:46
                 Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                 Harrisburg, PA  17128-0946
13449990        EDI: TDBANKNORTH.COM Jun 02 2020 07:58:00      TD Bank N.A.,    Attn: Bankruptcy Dept.,
                 ME2-002-035,    P.O. Box 9547,    Portland, ME 04112-9547
13479260        EDI: ECAST.COM Jun 02 2020 07:58:00      eCAST Settlement Corporation, assignee,
                 of Citibank, N.A.,    POB 29262,    New York, NY 10087-9262
                                                                                               TOTAL: 8
```

```
              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
smg*            Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
13890242*      ++PORTFOLIO RECOVERY ASSOCIATES LLC,    PO BOX 41067,    NORFOLK VA 23541-1067
               (address filed with court: Portfolio Recovery Associates, LLC,    PO Box 41067,
                 Norfolk, VA 23541)
                                                                                     TOTALS: 0, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 03, 2020    Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 1, 2020 at the address(es) listed below:
```
              ANDREW F GORNALL    on behalf of Creditor    LoanDepot.com agornall@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              BRIAN CRAIG NICHOLAS    on behalf of Creditor    Loan Depot, LLC bnicholas@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              CORINNE SAMLER BRENNAN    on behalf of Creditor    Franklin Mint Federal Credit Union
               cbrennan@klehr.com,  swenitsky@klehr.com
```

```
District/off: 0313-2          User: ChrissyW              Page 2 of 2              Date Rcvd: Jun 01, 2020
                              Form ID: 3180W              Total Noticed: 13
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

```
          JEFFREY   KURTZMAN     on behalf of Creditor     Franklin Mint Federal Credit Union
           Kurtzman@kurtzmansteady.com
          JOSHUA I. GOLDMAN    on behalf of Creditor     LoanDepot.com Josh.Goldman@padgettlawgroup.com
          KEVIN G. MCDONALD    on behalf of Creditor     Loan Depot, LLC bkgroup@kmllawgroup.com
          LAWRENCE S. RUBIN    on behalf of Debtor Robb L Simpson echo@pennlawyer.com,
           foxtrot@pennlawyer.com
          LAWRENCE S. RUBIN    on behalf of Joint Debtor Maggie   Simpson echo@pennlawyer.com,
           foxtrot@pennlawyer.com
          MATTEO SAMUEL WEINER    on behalf of Creditor     Loan Depot, LLC bkgroup@kmllawgroup.com
          REBECCA ANN SOLARZ    on behalf of Creditor     Loan Depot, LLC bkgroup@kmllawgroup.com
          THOMAS I. PULEO    on behalf of Creditor     Loan Depot, LLC tpuleo@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                             TOTAL: 13
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Robb L Simpson** | Social Security number or ITIN  **xxx–xx–9841** |
| | First Name    Middle Name    Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Maggie Simpson** | Social Security number or ITIN  **xxx–xx–9325** |
| | First Name    Middle Name    Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Eastern District of Pennsylvania** | | |
| Case number:  **14–19394–amc** | | |

# Order of Discharge                                                                       12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Robb L Simpson                                         Maggie Simpson

6/1/20                                     **By the court:**    <u>Ashely M. Chan</u>
                                                                United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**